| | | |
|---|---|---|
| **MICHAEL C. WORSHAM** | * | IN THE CIRCUIT COURT FOR |
| 1916 Cosner Road | | |
| Forest Hill, Maryland 21050 | * | HARFORD COUNTY, MARYLAND |
| *Plaintiff* | * | |
| v. | | |
| | * | Case #: C-12-CV-19-001210 |
| **DIRECT ENERGY SERVICES, LLC** | | |
| 12 Greenway Plaza, Suite 250 | * | |
| Houston, TX 77046 | | |
| | * | |
| Serve on: | | |
| Corporate Creations Network, Inc. | * | |
| 2 Wisconsin Circle, #700 | | |
| Chevy Chase, MD 20815 | * | |
| *Defendant* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

The Plaintiff, Michael C. Worsham, sues the Defendant for federal and Maryland TCPA telemarketing violations, for an ongoing civil conspiracy to initiate and deliver telemarketing solicitation calls to Plaintiff's residential telephone number on the National Do Not Call (DNC) list registry, to advertise and sell electric products and/or services. Defendant's telemarketing practices include illegal telemarketing calls that fail to identify the individual caller and calling company, fake or spoofed Caller ID information, failure to provide a phone number, and robocalls. On June 11, 2012 Plaintiff sued Defendant for similar telemarketing violations in the Harford District Court.

## PARTIES

1. Plaintiff **Michael C. Worsham** resides in Harford County, Maryland, and has been the subscriber to his residential land line number 410-692-2749, and his cell number 410-557-6192, at all times relevant to this suit, which have both been on the National Do Not Call (DNC) list registry continuously for over 15 years, and which are both used by Worsham for his personal use.

2. Defendant **Direct Energy Services, LLC** dba Direct Energy at www.directenergy.com, is a Delaware for-profit corporation formed in June 2004, with its main office at 12 Greenway Plaza, Suite 250, Houston, TX 77046. Defendant is registered in Maryland with a corporate business ID #Z10090033. Defendant provides energy products and/or services to consumers in many states including Maryland.

1

## ALLEGATIONS

3. Defendant in concert with a lead generator and/or other persons or entities, engages in a civil conspiracy to call consumers, including at numbers on the National Do Not Call (DNC) list Registry, using an automatic telephone dialing system (ATDS), to initiate and deliver telemarketing calls to solicit people to buy financial or loan products or services.

4. Defendant's call center autodials numbers on the do not call list, and if there is no answer, and intentionally does not leave any message identifying itself or its number.

### Specific Calls from Defendant to Plaintiff

5. Plaintiff alleges he received the following telemarketing solicitation without his permission or consent by or on behalf of Defendant:

### 12 Calls to Plaintiff's cell phone number 410-557-6192:

| Call # | Date of Call | Time of Call | Number called | Number and Name on Caller ID |
|---|---|---|---|---|
| 1. | Oct. 22, 2018 | 2:52 PM | 410-557-6192 | 240-318-1447, Maryland |

**Call 1 details:** I did not answer the phone. No message was left. A complaint here indicates that this was a similar electric bill call: https://www.nomorobo.com/lookup/240-318-1447

| | | | | |
|---|---|---|---|---|
| 2. | Nov. 5, 2018 | 9:49 AM | 410-557-6192 | 513-644-3578, Ohio |

**Call 2 details:** A woman said "Yes I need to speak to the customer who handles the electric bill. Would that be you?" I asked who was calling, and about 2 seconds later the call disconnected.

| | | | | |
|---|---|---|---|---|
| 3. | Nov. 5, 2018 | 12:18 PM | 410-557-6192 | 513-644-3578, Ohio |

**Call 3 details:** A woman said she needed to speak to the customer who handles the electric bill, and said her name was "Tonya" calling on behalf of a Maryland state authorized supplier, Direct Energy, and that the call was being recorded for quality assurance. She said I was eligible for a price protected rate, and asked if I was aware of this information. I started to respond, and the call suddenly disconnected.

| | | | | |
|---|---|---|---|---|
| 4. | Nov. 5, 2018 | 4:43 PM | 410-557-6192 | 513-644-3578, Ohio |

**Call 4 details:** I answered and said Hello? several times, but no one was on the line.

| | | | | |
|---|---|---|---|---|
| 5. | Nov. 9, 2018 | 11:22 AM | 410-557-6192 | 872-772-2549, Maryland |

**Call 5 details:** A woman said she needed to speak to the customer who handles the electric bill. I asked what the offer was, a man came on the line who said he was a supervisor with Direct Energy. He then solicited me for electric services, and I told him I have wind energy.

2

| Call # | Date of Call | Time of Call | Number called | Number and Name on Caller ID |
|---|---|---|---|---|
| 6. | Nov. 12, 2018 | 10:51 AM | 410-557-6192 | 872-772-2549, Maryland |

**Call 6 details:** I did not answer the phone. No message was left.

| | | | | |
|---|---|---|---|---|
| 7. | Nov. 12, 2018 | 10:51 AM | 410-557-6192 | 872-772-2549, Maryland |

**Call 7 details:** I did not answer the phone. No message was left.

| | | | | |
|---|---|---|---|---|
| 8. | Nov. 15, 2018 | 2:12 PM | 410-557-6192 | 410-844-6442, Maryland |

**Call 8 details:** A sales man said he was Sean with Direct Energy on a recorded line, and asked to speak to the person in charge of the electric bill. He asked if I had seen a notice on my electric bill about a rate discount, in the supply section. I told him I was not interested. He pressed on, and I asked him to put my number on their do not call list. He then hung up.

| | | | | |
|---|---|---|---|---|
| 9. | Nov. 19, 2018 | 9:38 AM | 410-557-6192 | 667-367-0142, Maryland |

**Call 9 details:** I did not answer the phone. No message was left.

| | | | | |
|---|---|---|---|---|
| 10. | Nov. 19, 2018 | 12:15 PM | 410-557-6192 | 667-367-0142, Maryland |

**Call 10 details:** A woman said she was Destiny calling for Direct Energy on a recorded line, and asked for the customer who handles the electric bill. I told her I have wind energy, and to put my number on their do not call list. She pressed on and said something about a 36 month offer. I read her my 410-557-6192 number and asked again to be put on their do not call list, and said loudly to please stop calling.

Somewhat suddenly, a clear and confident male sales rep came on the line and said he was David, a senior representative assisting with training. I immediately told him I did not want to be called. He was the most persistent sales rep yet with Direct Energy. He ignored my DNC request more than once, and kept pressing even after my intention was very clear. I told him I have wind energy and was not interested, and he finally hung up.

| | | | | |
|---|---|---|---|---|
| 11. | Nov. 19, 2018 | 2:11 PM | 410-557-6192 | 667-367-0142, Maryland |

**Call 11 details:** It was a male sales rep who asked for the customer who handles the electric bill. He said he was "Dave", with Direct Energy, a state authorized supplier, on a recorded line. I told him someone from their office called earlier and I told them I am not interested. He asked if I was not interested in receiving a lower rate. I told I wanted not to be called again at this number. Then he hung up.

| | | | | |
|---|---|---|---|---|
| 12. | Nov. 19, 2018 | 3:52 PM | 410-557-6192 | 667-367-0142, Maryland |

**Call 12 details:** I said Hello? several times, but no one was on the line.

### 2 Pre-Recorded Voice Messages to Plaintiff's residential number 410-692-2749:

| Call # | Date of Call | Time of Call | Number called | Number and Name on Caller ID |
|---|---|---|---|---|
| 13. | Oct. 6, 2018 | 11:54 AM | 410-692-2749 | 410-898-7544, Elkridge MD |

**Call 13 details:** Prerecorded message in an unidentified female voice for a lower electric rate, which only gave an option of a number to press if interested, but no opt out number.

| Call # | Date of Call | Time of Call | Number called | Number and Name on Caller ID |
|---|---|---|---|---|
| 14. | Nov. 19, 2018 | 1:00 PM | 410-692-2749 | 410-692-2177, Reitenauer V |

**Call 14 details:** It was a prerecorded voice message in an unidentified female voice, and said: "This call is pertaining to the notice you recently received on your electric bill about a rate reduction. To receive the discount on your bill, please press 0 to speak to a representative. Press 0 to connect."

### Summary of the 14 Calls

| Call # | Date of Call | Time of Call | Number called | Number and Name on Caller ID |
|---|---|---|---|---|
| 1. | Oct. 22, 2018 | 2:52 PM | 410-557-6192 | 240-318-1447, Maryland |
| 2. | Nov. 5, 2018 | 9:49 AM | 410-557-6192 | 513-644-3578, Ohio |
| 3. | Nov. 5, 2018 | 12:18 PM | 410-557-6192 | 513-644-3578, Ohio |
| 4. | Nov. 5, 2018 | 4:43 PM | 410-557-6192 | 513-644-3578, Ohio |
| 5. | Nov. 9, 2018 | 11:22 AM | 410-557-6192 | 872-772-2549, Maryland |
| 6. | Nov. 12, 2018 | 10:51 AM | 410-557-6192 | 872-772-2549, Maryland |
| 7. | Nov. 12, 2018 | 10:51 AM | 410-557-6192 | 872-772-2549, Maryland |
| 8. | Nov. 15, 2018 | 2:12 PM | 410-557-6192 | 410-844-6442, Maryland |
| 9. | Nov. 19, 2018 | 9:38 AM | 410-557-6192 | 667-367-0142, Maryland |
| 10. | Nov. 19, 2018 | 12:15 PM | 410-557-6192 | 667-367-0142, Maryland |
| 11. | Nov. 19, 2018 | 2:11 PM | 410-557-6192 | 667-367-0142, Maryland |
| 12. | Nov. 19, 2018 | 3:52 PM | 410-557-6192 | 667-367-0142, Maryland |
| 13. | Oct. 6, 2018 | 11:54 AM | 410-692-2749 | 410-898-7544, Elkridge MD |
| 14. | Nov. 19, 2018 | 1:00 PM | 410-692-2749 | 410-692-2177, Reitenauer V |

Unanswered Calls: Calls 1, 6, 7, 9
Live sales Calls: Calls 2, 3, 5, 8, 10, 11
Hang up Calls: Calls 4, 12
Prerecorded voice Calls: Calls 13, 14

### Additional Allegations about Defendant

6. Defendant knows when and from where it obtained Plaintiff's phone number(s).

7. Defendant knew or should have know Plaintiff's number was on the national do not call list.

4

8. Defendant instructs its agents, employees and/or contractors to avoid identifying Defendant in both live sales calls and in prerecorded voice messages.

9. Defendant is aware of the TCPA's requirements, and intentionally uses its phone number providers or lead generators to identify or contact people like Worsham, despite the high probability that the potential lead's number is on the DNC registry list.

10. Defendant is aware of the TCPA's requirements, and intentionally uses number providers or lead generators to contact people like Worsham, despite actual knowledge that Defendant lacks express permission or consent to call potential leads like Plaintiff.

11. Defendant is aware of and approves and ratifies the leads generated through the calls and the calling practices like those described herein and in the calls received by Worsham.

12. Defendant and/or its telemarketers continue making illegal calls as generally alleged herein.

13. Defendant has made a large number of the same or similar calls, and complaints about the similar calls are made at complaint sites on the internet including the BBB.

14. Defendant's calls were initiated for the purpose of delivering a solicitation.

15. The purpose of Defendant's telemarketing and of the calls and messages is to encourage purchase or rental of, or investment in, property, goods, or services offered by Defendant.

16. Defendant exercised decision-making control over their respective policies, procedures and business practices, and made the decisions causing the violations alleged.

17. Defendant intentionally: (1) conspired and aided and abetted to call Plaintiff's and many other numbers despite the numbers being on the national DNC registry, (2) used employees, contractors or agents to violate the law, (3) did not adequately identify itself in all of the calls, (4) transmitted fake or spoofed Caller ID, (5) intentionally failed or avoided delivering identifying messages to the voice mail of call recipients like Plaintiff.

18. The name of the telemarketer is available for Caller ID transmission by both Plaintiffs' and Defendant's carriers (including any contractors or agents or carriers used by Defendant).

19. Plaintiff's Caller ID equipment can and regularly does transmit the name of the caller, and both his and all of Defendant's carriers are capable of transmitting the name of the caller.

20. Defendant's calls to Plaintiff could not have been possible without Defendant's conspiracy, and without aiding and abetting, with each other and/or any persons or entities with whom Defendant called Plaintiff, including persons or entities or agents who may have provided: (1) a call center for the initial cold calls, (2) a script for the calls, (3) phone numbers to be called including Plaintiff's number, (4) automated equipment to dial many numbers and reach Plaintiff and others, (5) advice on telemarketing and creating and delivering solicitations, including avoiding legal liability, and (6) personal information about Plaintiff.

5

21. Plaintiff had no business relationship of any kind with, and did not gave any prior permission or consent to be solicited by Defendant or its affiliates, agents, contractors or employees.

22. Defendant knew that it did not have or provide to any telemarketers, lead generators, or call centers, the prior express consent to call the persons called by or on behalf of Defendant.

## Automatic Dialing and TCPA Allegations

23. Defendant's calls were all initiated and made with an *'automatic telephone dialing system'* (ATDS) as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2), as indicated by the hang up calls #4 and 12, and the robocalls #13 and 14.

24. Defendant's telephone calls to Plaintiff violated the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b), and the FCC's regulations promulgated pursuant to the TCPA located at 47 C.F.R. § 64.1200.

25. Defendant's telephone calls to Plaintiff violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6601-6108, as implemented by the Federal Trade Commission (FTC) in the Telemarketing Sales Rule,16 C.F.R. Part 310.

26. Defendant made and assisted substantially to the substance and initiation of telephone solicitations to the Plaintiff in violation of the TCPA and FCC regulations, on, but possibly not limited to, the dates alleged in this Complaint.

27. Defendant intentionally, personally and substantially participated to help arrange for the solicitation calls to be initiated and ultimately delivered to Plaintiff's phone number(s).

28. Defendant made more than one call within a one year period to Plaintiff in violation of the TCPA and the FCC and FTC regulations.

29. FCC regulations 47 C.F.R. § 64.1200(d)(4) and 47 C.F.R. § 64.1601(e) were promulgated pursuant to U.S.C. § 227(b)(2).

30. Defendant is a *telemarketer* engaged in *telemarketing* as defined by the FCC and FTC.

## Willful and Knowing Conduct Allegations

31. Defendant conspired and aided and abetted with others to call Plaintiff and many others in Maryland knowing that their calls would be calling into and be received in Maryland.

32. Defendant through a conspiracy and aiding and abetting to call Plaintiff and others in Maryland had numerous, substantial and continuous contacts with MD through the calls.

33. Defendant willfully and knowingly ignores the national DNC list registry.

34. Defendant failed to pay the annual fee for access to telephone numbers within Plaintiff's area code 410 that are included on the national DNC list Registry maintained by the FTC.

35. Plaintiff alleges that Defendant was aware of the TCPA violations prior to any calls made to the Plaintiff, including through feedback from consumers and call recipients, and through Plaintiff' previous TCPA lawsuit against Defendant filed in 2012.

36. Defendant is aware of, and know about and approve of, the telemarketing calling patterns and practices used in any of the calling centers used by any agents or contractors.

37. Defendant profited by and through the telemarketing calling patterns and practices the agents or contractors use(d), and through the conspiracy to call and/or its own independent calling.

38. Defendant knew of and ratified the acts and conduct of all persons involved with the calls, including employees, agents, contractors or others doing the calling, including any used to call Plaintiff, and profited or benefitted by these acts and their ratification.

39. Defendant's violations were done '*willfully*' and '*knowingly*,' as the term '*willful*' is defined at 47 U.S.C. § 312(f) and 47 U.S.C. § 503(b), and as the term '*knowingly*' is defined in 47 U.S.C. § 223(b)(1), and as both of these terms are interpreted by the FCC.

## COUNTS 1-4 : Federal Telephone Consumer Protection Act (TCPA) Violations

### COUNT 1 : Failure to honor the National Do Not Call (DNC) list Registry

40. Defendant's Calls 1-14 violated the TCPA and FCC regulations at 47 C.F.R. § 64.1200(c)(2), which prohibit telephone solicitations to numbers on the National DNC list.

### COUNT 2 : Failure to identify a telemarketer and their telephone contact number

41. Defendant violated 47 C.F.R. § 64.1200(d), which makes it illegal to "initiate any call for telemarketing purposes to a residential subscriber unless such person has instituted procedures for maintaining" a do not call list, including procedures which meets minimum standards for identifying the individual caller, company name, and a contact telephone number or address, as required by 47 C.F.R. § 64.1200(d)(4).

42. Defendant's Calls 1-14 violated the TCPA and FCC regulations at 47 C.F.R. § 64.1200(d)(4), which require instituting minimum standards and procedures that "*A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.*"

### COUNT 3 : Failure to transmit full and complete Caller ID information

43. Defendant's Calls 1-14 violated the TCPA and FCC regulations at 47 C.F.R. § 64.1601(e)(I), which requires that "*Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(7) must transmit caller identification information . . .* [and] *must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer.*" and also violates the FTC's similar provision at 16 C.F.R. § 310(a)(7).

### COUNT 4 : Initiating a call using a prerecorded voice without prior express consent

44. Defendant's Calls 13 and 14 violated the TCPA at 47 U.S.C. § 227(b)(1)(B), and a similar FCC regulation at 47 C.F.R. § 64.1200(a)(3), which provides that:

> "§ 227(b)(1)(B) - *Prohibitions: It shall be unlawful for any person . . .(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission.*"

### MARYLAND TELEPHONE CONSUMER PROTECTION ACT (MD-TCPA)

Plaintiff incorporates the above allegations, and further alleges the following violations of the MD-TCPA, Maryland Annotated Code, Commercial Law Art. (CL) §§ 14-3201-14-3202, which prohibits a person from violating the federal TCPA, FTC Telemarketing Sales Rule, and/or the FCC and/or FTC telemarketing regulations, and which makes each prohibited telephone solicitation and each prohibited practice during a telephone solicitation a separate violation.

### COUNTS #5-8: TCPA and FCC violations which also violate the Maryland TCPA

45. **Count 5**: Defendant's violations in Count 1 above also violate the MD-TCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202.

46. **Count 6**: Defendant's violations in Count 2 above also violate the MD-TCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202.

47. **Count 7**: Defendant's violations in Count 3 above also violate the MD-TCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202.

48. **Count 8**: Defendant's violations in Count 4 above also violate the MD-TCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202.

8

## COUNT 9: Failing to state clearly the identity of the business, individual or entity responsible

49.  **Count 9:** Defendant's Calls 13-14 violated the TCPA and FCC regulations at 47 C.F.R.

§ 64.1200(b)(1), which require that:

*"All artificial or prerecorded voice telephone messages shall: . . .(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated".*

and violates the MD-TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

## COUNT 10 : Failing to state clearly the telephone number of the business or individual

50.  **Count 10:** Defendant's Calls 13-14 violated the TCPA and FCC regulations at 47 C.F.R.

§ 64.1200(b)(2), which requires that:

*"All artificial or prerecorded voice telephone messages shall: . . .(2) During or after the message, state clearly the telephone number (other than the that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. . . . For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign."*

and violates the MD-TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

## Count 11: Failing to provide an automated interactive voice or key activated opt out mechanism to make a do not call request

51.  **Count 11:** Defendant's Calls 13-14 violated 47 C.F.R. § 64.1200(b)(3), the FCC regulation at which requires that:

*"(b) All artificial or prerecorded voice telephone messages shall: . . .(3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or [wireless numbers] . . . provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section."*

and violates the MD-TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

9

## COUNTS 12-17

## Defendant's Federal Trade Commission (FTC) Telemarketing Sales Rule (TSR) violations which are also violations of the Maryland TCPA (MD-TCPA)

52. ### Count 12: Failure to honor the National Do Not Call (DNC) list Registry

   Defendant's Calls 1-14 violate 16 C.F.R. § 310.4(b)(1)(iii)(B), the FTC regulation which prohibits initiation of *"any outbound telephone call to a person when . . . (B) That person's telephone number is on the "do-not-call" registry,"* and this also violates the Maryland TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

53. ### Count 13: Failure to disclose promptly and clearly the seller's identity and purpose

   Defendant's nine Calls #1, 2, 4, 6, 7, 9, 12, 13, 14 violate 16 C.F.R. § 310.4(d)(1), the FTC regulation requiring telemarketers to *"disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call . . . (1) The identity of the seller; (2) That the purpose of the call is to sell goods or services; (3) The nature of the goods or services."* and violates the MD-TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

54. ### Count 14: Failure to transmit complete Caller ID information with name and number

   Defendant's Calls 1-14 violate 16 C.F.R. § 310.4(a)(8), the FTC regulation which prohibits

   *"(8) Failing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call."*

   and violates the MD-TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

55. ### Count 15: Initiating a call that delivers a prerecorded message

   Defendant's Calls 13-14 violate 16 C.F.R. § 310.4(b)(1)(v), the FTC regulation which defines as an abusive act or practice and prohibits *"(v) Initiating any outbound telephone call that delivers a prerecorded message,"* and this violation also violates the Maryland TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

10

56. **Count 16: Failure to pay the annual fee for the do not call list for Plaintiff's area code**

    Defendant's Calls 1-14 violate 16 C.F.R. § 310.8(a), the FTC regulation which prohibits:

    *"any seller to initiate, or cause any telemarketer to initiate, an outbound telephone call to any person whose telephone number is within a given area code unless such seller, either directly, or through another person, first has paid the annual fee, required by § 310.8(a), for access to telephone numbers within that area code that are included in the National Do Not Call Registry maintained by the Commission,"*

    and this violates the MD-TCPA, MD Ann. Code, Commercial Law Art. §§ 14-3201-3202.

57. **Count 17: Making false or misleading statements to induce a sale of goods or services**

    Defendant's Calls 13-14 violate 16 C.F.R. § 310.3(a)(4), the FTC regulation which makes it a deceptive act or practice and prohibits any seller or telemarketer from (4) *"Making a false or misleading statement to induce any person to pay for goods or services or to induce a charitable contribution,"* and this violation also violates the Maryland TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

## REQUESTED RELIEF

58. Each violation on a separate occasion by a Defendant or any conspiring or aiding partners, employees, agents and/or contractors to comply with the TCPA or FCC or FTC regulations constitutes a separate violation of the federal TCPA, Maryland TCPA, and FTC regulations.

### Federal TCPA Damages

59. The TCPA, 47 U.S.C. §§ 227(b)(3) and (c)(5) provides an explicit private right of action for $500 in statutory damages for each violation of the TCPA or an FCC regulation issued under the TCPA pursuant to 47 U.S.C. § 227(b).

60. The TCPA, 47 U.S.C. §§ 227(b)(3) and(c)(5) explicitly provide for up to triple damages if a Defendant willfully or knowingly violates the TCPA or the FCC regulations.

61. **Counts 1 to 4**: Plaintiff demands $1,500 for each separate violation of the TCPA and/or the FCC's regulations, which includes treble damages for each willful or knowing violation of the TCPA or FCC regulations, as follows:

11

    **Count 1:**    14 calls x 1 federal TCPA violation x $1,500/violation  =  **$ 21,000**
    **Count 2:**    14 calls x 1 federal TCPA violation x $1,500/violation  =  **$ 21,000**
    **Count 3:**    14 calls x 1 federal TCPA violation x $1,500/violation  =  **$ 21,000**
    <u>**Count 4:**      2 calls x 1 federal TCPA violation x $1,500/violation  =  **$  3,000**</u>
    **Total federal TCPA statutory damages (14+14+14+2 = 44 violations) = $ 66,000**

62.    The TCPA, 47 U.S.C. § 227(b)(3)(A) and § 227(c)(5(A) provide for injunctive relief to enjoin violations of the FCC's regulations prescribed under the TCPA.

63.    Plaintiff requests injunctive relief prohibiting the Defendant and all persons under its control from calling Plaintiff and other persons anywhere in violation of the TCPA.

### Maryland TCPA Damages

64.    **Counts 9 to 17**: For the calls identified so far herein, Plaintiff demands $500 for each of the separate violations of the Maryland TCPA, pursuant to MD Commercial Law Art. § 14-3202(b)(2), and reasonable attorneys fees as may apply under CL § 14-3202(b)(1):

    **Count 5:**    14 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 7,000**

    **Count 6:**    14 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 7,000**

    **Count 7:**    14 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 7,000**

    **Count 8:**    2 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 1,000**

    **Count 9:**    2 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 1,000**

    **Count 10:**    2 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 1,000**

    **Count 11:**    2 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 1,000**

    **Count 12:**    14 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 7,000**

    **Count 13:**    9 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 7,000**

    **Count 14:**    14 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 7,000**

    **Count 15:**    2 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 1,000**

    **Count 16:**    14 calls x 1 Maryland TCPA violation x $500/violation  =  **$ 7,000**

    <u>**Count 17:**     2 calls x 1 Maryland TCPA violation x $500/violation =  **$ 1,000**</u>
    **Total Maryland TCPA statutory damages                    = $ 52,500**
(14 + 14 + 14 +2 + 2 + 2 + 2 + 14 + 9 + 14 + 2 + 14 + 2 = 105 total Maryland TCPA violations)

12

WHEREFORE the Plaintiff seeks from the Defendant **$66,000** in federal statutory damages, and **$52,500** in Maryland statutory damages, for a **Grand Total of $118,500** statutory damages sought for the telemarketing solicitation violations identified thus far, an injunction prohibiting the Defendant or any persons under its control from calling or assisting with calling any persons in violation of the TCPA or FCC regulations, reasonable attorneys fees as may apply pursuant to CL § 14-3202(b)(1), costs, and other such relief as is just and necessary.

## JURY TRIAL DEMAND

The Plaintiff requests a trial by jury for all matters triable by a jury.

Respectfully submitted,

/s/ Michael C. Worsham

Michael C. Worsham, Plaintiff, *Pro Se*
1916 Cosner Road
Forest Hill, Maryland 21050
410-692-2749
michael @ magicmichael.net

December 18, 2019

DEC 23 2019