

William B. Thomas, Partner
P: (713) 333-5888
F: (713) 333-5981
william.thomas@mhllp.com

1001 Fannin Street
Suite 2700
Houston, TX 77002

July 3, 2020

*Via Email*

Michael Worsham
michael@magicmichael.net
marylandmichael@yahoo.com

  Re: Michael Worsham's Outstanding Discovery Issues in *Michael C. Worsham v. Direct Energy Services, LLC*, Case No. 1:20-cv-00193-SAG, in the United States District Court for the District of Maryland.

Dear Mr. Worsham:

I am in receipt of your June 29, 2020 email regarding your request to meet and confer regarding Direct Energy's discovery responses which were <u>served on March 2, 2020</u>. As you will see below, this letter addresses each issue in the order listed in your email. Unless otherwise stated below, Direct Energy maintains its objections and responses to your First Set of Interrogatories and First Set of Requests for Production. In no way does the content within this letter waive any objections or responses. Further, Direct Energy objects to efforts to re-write the original interrogatories or requests for production. Nonetheless, if you have issues with the following, I am happy to discuss.

### A. Direct Energy's Interrogatory Answers

<u>Threshold Issue:</u> As previously stated on June 26, June 28, and June 29, 2020, Direct Energy will provide a verification for its Interrogatory responses and commits to do so next week.

<u>Interrogatory 5:</u> Direct Energy provided you the list of possible vendors that provided telemarketing services during the relevant time period. It is unnecessary and irrelevant to identify the times each vendor began its services as a third-party vendor and when each relationship ended with said vendors.

<u>Interrogatory 6:</u> Direct Energy has contracts with third-party vendors. Direct Energy does not authorize calls to any wireless number or number on the do-not-call list unless the call is placed with the recipient's prior express written consent. John Moran is the manager of outbound telemarketing. *See* Direct Energy's Second Amended Initial Disclosures.


<u>Interrogatory 8:</u> The attempted explanation of the original interrogatory, which is vague and ambiguous as written, is improper because it seeks to re-write the interrogatory. Should the Court grant you additional time and you choose to serve a new interrogatory that makes your request clear, Direct Energy will take it under consideration. Subject to and without waiving any of its objections, Direct Energy identified the third-party vendors it had a relationship with during the time period of the calls at issue.

<u>Interrogatory 12:</u> The attempted explanation of the original interrogatory, which is vague and ambiguous as written, is improper because it seeks to re-write the interrogatory. Further, Mr. Santarelli stated only that there was a record relating to an opt-in from TMC. Subject to and without waiving any of its objections, Direct Energy will produce the document relating to an opt-in. And Direct Energy will produce the contract with TMC due to its current status.

**B. Plaintiff's Requests for Production of Documents**

<u>Document Requests 1-3 and 5-7:</u> No, Direct Energy does not have information from any of the vendors about the specific calls. As previously stated to you, Direct Energy's review has concluded and the results have been disclosed to you. None of its active vendors contacted you, and those records from TMC, which is in receivership, also do not reflect any call.

<u>Document Request 4:</u> The attempted explanation of the original request, which is vague and ambiguous as written, is improper because it seeks to re-write the request. As provided in its response to your explanation of Interrogatory 12 above, Direct Energy will produce the document relating to an opt-in.

<u>Document Requests 8-10:</u> As previously stated to you on June 26, 2020, this request is not proportionate to this case. Direct Energy has identified the third-party vendors, as well as their registered agents or attorney(s). Should the Court provide you additional time for fact discovery and should you choose to serve a new request that is narrowed to the issues in this case, Direct Energy will take it into consideration.

<u>Document Request 11:</u> As previously stated to you on June 26, 2020, Direct Energy will produce any Do Not Call Policy.

<u>Document Request 12:</u> The attempted explanation of the original request, which is vague and ambiguous as written, is improper because it seeks to re-write the request. It is still unclear what is being requested.

<u>Document Request 13:</u> The attempted explanation of the original request, which is vague and ambiguous as written, is improper. Direct Energy has already responded and explained that its third-party vendors have each denied calling you. To the extent that there is anything related to permission, Direct Energy will produce such document.



Document Request 14: As previously stated to you on June 26, 2020, Direct Energy will not produce the requested complaints. This unlimited and undefined request is not proportionate to this case. There is no basis to find and produce any such complaint that the company has received.

Document Request 15: The attempted explanation of the original request, which is vague and ambiguous as written, is improper because it seeks to re-write the request.

Nothing herein shall be deemed as a waiver by Direct Energy of any argument, rights, or remedies available to it; including, but not limited to, those pursuant to the Court's Local Rules, all of which are expressly reserved.

Please feel free to call me at (713) 333-5888 should you have any questions.

        Very truly yours,

        MCDOWELL HETHERINGTON LLP

        William B. Thomas

WBT

cc:    *Via Email*