MICHAEL C. WORSHAM,    §
   §
     Plaintiff,    §
   §   **Case No. 1:20-cv-00193-SAG**
v.    §
   §
DIRECT ENERGY SERVICES, LLC,    §
   §
     Defendant.    §
   §

## DIRECT ENERGY SERVICES, LLC'S RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND RESET DEADLINES

Defendant Direct Energy Services, LLC submits this response in opposition to the
Motion to Extend Discovery and Reset Deadlines (Dkt. 62) filed by Plaintiff Michael C.
Worsham and would show the Court as follows.

## INTRODUCTION

Mr. Worsham begins his Motion by saying, "Worsham has consistently pursued
discovery, and good cause exists for a two month extension under F.R.C.P. 16(b)(4) . . . [and] the
relief sought will not cause any undue delay." (*Id.* at p. 1). Contrary to Mr. Worsham's assertion,
he has not consistently pursued discovery and the relief he seeks will cause undue delay.
Importantly, Mr. Worsham seeks a three-month discovery extension to December 31, not a two-
month extension. As further explained below, had Mr. Worsham been as zealous with his
subpoenas and depositions (which he did not seek) as he was with written discovery, he would
not have to ask the Court for a third extension.

## BACKGROUND & ARGUMENT

**A. The discovery deadline has already been extended—twice.**

This case involves only five calls that in any way relate to Direct Energy. Further

discovery is unnecessary as this Court entered its Scheduling Order (Dkt. 14) on January 30, 2020, which set the initial discovery deadline as April 28, 2020. Since January, Direct Energy and its counsel have diligently worked with Mr. Worsham. Direct Energy and its counsel extensively reviewed Mr. Worsham's claims and participated in numerous discovery disputes to date.

Direct Energy's review included answering and searching for documents in response to Mr. Worsham's first set of discovery requests which were served on February 1. Direct Energy answered those requests and agreed to produce responsive documents to Mr. Worsham on March 2. Both Direct Energy and its counsel continued to work with Mr. Worsham after serving those discovery responses. And given the circumstances at that time, Direct Energy agreed to a joint motion to extend the original discovery deadline of April 28 to June 29, 2020. (Dkt. 24). This Court granted the parties' joint motion on March 31. (Dkt. 25).

Thereafter, Direct Energy concluded its investigation and reported the results to Mr. Worsham—its third-party vendors denied making the calls at issue. Mr. Worsham did not like the reported results and showed it by relentlessly fighting *Direct Energy* on discovery issues it had already properly addressed. Even so, Direct Energy agreed to allow Mr. Worsham's first Motion for Extension of Time to Complete Discovery and to Reset Deadlines (Dkt. 32) to go uncontested. Indeed, Direct Energy did not oppose said motion so Mr. Worsham could pursue subpoenaing Direct Energy vendors; Mr. Worsham had all of the necessary information to do just that on or before July 3, 2020. The Court granted Mr. Worsham's motion on July 17 and extended the discovery period to September 30, 2020. (Dkt. 44).

**B. Mr. Worsham continues to fight Direct Energy instead of subpoenaing vendors.**

Nevertheless, Mr. Worsham carried on with his written discovery campaign against

2

Direct Energy instead. In other words, rather than immediately subpoenaing the vendors, Mr. Worsham chose to file his first Motion to Compel on July 23. (Dkt. 45). That is, the Motion to Compel responses to his *first set of discovery requests*, which Direct Energy responded to on March 2, 2020 and constantly addressed with Mr. Worsham for nearly five months. Now, in his Motion to Extend Discovery and Reset Deadlines, (Dkt. 62), Mr. Worsham attempts to cover up his dilatory pursuit of subpoenaing Direct Energy's vendors.

> On August 10, 2020 the Court denied Worsham's [first] Motion to Compel Direct Energy. ECF 51. Some discovery Worsham sought in that Motion from Direct Energy may also have been in the possession of Direct Energy's vendors. *Worsham waited for the outcome of the Motion before requesting Subpoenas to these vendors, who are not parties, and should not be burdened if a party can produce the same information.*

(emphasis added) (Dkt. 62 at p. 3). However, for some reason left unexplained, Mr. Worsham was not so considerate to the vendor Direct Energy no longer has a business relationship with— Total Marketing Concepts, Inc. Mr. Worsham filed his Motion for Subpoena to Total Marketing Concepts, Inc. on July 2, (Dkt. 37), but waited until over a month later to file a motion for subpoenas to the four other vendors on August 19. (Dkt. 54).

Mr. Worsham did not stop there. After this Court denied his first Motion to Compel, he served his second set of discovery requests on Direct Energy. Direct Energy timely and properly responded and objected to those requests. Again, Mr. Worsham took issue with Direct Energy's discovery responses. Direct Energy's counsel conferred with Mr. Worsham on his issues and also afforded him the opportunity to re-draft a certain request to which it would serve a response. And after Mr. Worsham's reworded discovery request was served and responded to by Direct Energy, its counsel again conferred with Mr. Worsham about his remaining problems. All the same, Mr. Worsham persisted and filed his second Motion to Compel on September 30, 2020,

(Dkt. 63), which this Court largely denied with the exception of certain documents Direct Energy already agreed to produce. (Dkt. 64). Thus, written discovery between Mr. Worsham and Direct Energy has concluded in line with the September 30 discovery deadline.

**C. The Court should not re-open or extend discovery. If the Court permits additional relief, it should be limited the responses to Mr. Worsham's subpoenas.**

Despite the above, Mr. Worsham now asks this Court to extend discovery for the *third time* without showing good cause. Mr. Worsham's written discovery issues have been addressed and concluded. And Mr. Worsham has already had more than enough time to depose Direct Energy—and he made the strategic decision to not do so. In fact, Mr. Worsham does not actually intend to depose Direct Energy; he merely states that he "*expects to need* to depose Direct Energy." (emphasis added) (Dkt. 62 at p. 5).

Direct Energy has been more than accommodating and cooperative with Mr. Worsham for the last ten months. And in that time, Mr. Worsham has not scheduled or noticed a deposition which he admits.[1] Mr. Worsham has had at least 3 months to depose Direct Energy since the second extension of discovery. He chose not to. Direct Energy also responded to (and conferred) on multiple rounds of written discovery. Discovery is closed and should remain closed. To the extent Mr. Worsham receives information from his subpoenas, Direct Energy will not contest it as untimely. However, the Court and Direct Energy should not have to wait another three months (if not longer should Mr. Worsham ask for a fourth extension) so that Mr. Worsham can continue to conduct discovery in hopes of finding the right party to sue. Only five calls mention "Direct Energy"; the rest of the calls have nothing whatsoever to do with Direct Energy. As for the calls that mention Direct Energy, there is no evidence they were placed by any Direct Energy vendor, which are independent contractors. Thus, even if a vendor did place one or any of the five calls

---

[1] "No depositions have been taken or scheduled." (*Id.*).

4

that mention "Direct Energy," Direct Energy would still not be liable. As such, Direct Energy is entitled to summary judgment on a number of, if not all, the calls.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should deny Mr. Worsham's Motion to Extend Discovery and Reset Deadlines (Dkt. 62) in full. In the alternative, should the Court decide to extend discovery, it should only be for the limited purpose of Mr. Worsham receiving responses to his subpoenas.

Dated: October 14, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

<u>*/s/ William B. Thomas*</u>
Michael D. Matthews, Jr.*
Texas Bar No. 24051009
William B. Thomas**
Texas Bar No. 24083965
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
william.thomas@mhllp.com

*Pro hac vice application forthcoming*
**Admitted pro hac vice*

-and-

KIERNAN TREBACH, LLP

Ifeanyi O. Ezeigbo (Bar No. 20658)
Kiernan Trebach, LLP
1 Park Place, Suite 425
Annapolis, Maryland 21401
Telephone:  (443) 263-2800
Facsimile:   (443) 263-2935
iezeigbo@kiernantrebach.com

***Counsel for Direct Energy Services, LLC***

**CERTIFICATE OF SERVICE**

On October 14, 2020, this document was filed electronically for service on all parties.

/s/ Ifeanyi O. Ezeigbo
Ifeanyi O. Ezeigbo