# AGREEMENT OF SETTLEMENT

THIS AGREEMENT OF SETTLEMENT is made this ___29th___ day of September 2012, by and between Michael C. Worsham ("Worsham") and Direct Energy Services, LLC ("Direct Energy").

WHEREAS, Worsham sued Direct Energy in a certain lawsuit filed in the District Court for Harford County, Maryland, styled *Michael C. Worsham v. Direct Energy Services, LLC,* 0901-0002823-2012 (the "Lawsuit"); and

WHEREAS, the parties hereto have agreed to settle the matter to resolve their differences amicably and without resort to further litigation;

NOW THEREFORE, in consideration of the premises and mutual undertaking of the parties hereto, the receipt and adequacy of which consideration are hereby acknowledged, Worsham and Direct Energy agree as follows:

1. Direct Energy hereby agrees to pay to Worsham the sum of $4,050 in one sum on or before October 12, 2012. The settlement amount is inclusive of all costs of litigation and otherwise.

2. Worsham agrees to dismiss the Lawsuit with prejudice promptly after the successful negotiation of the settlement check.

3. Direct Energy represents that it has included Worsham's telephone number, 410-557-6192, on its internal do-not-call list, and will refrain from calling that number in the future.

4. Except for the rights and obligations created by this Agreement of Settlement, Worsham, for himself and for his agents, servants, employees, successors in interest and assigns does (do) hereby remise, release and forever discharge Direct Energy Services, LLC, Direct Energy Business and Direct Energy Residential, its directors, officers, agents, employees, successors, assignors, acquired companies and assignees, and any subsidiary or affiliated person, firm or corporation from any and all claims, actions, suits, debts, accounts, covenants, contracts, controversies, damages, judgments, and demands of whatsoever kind or nature he had, now has, or which his successors or assigns hereafter can, shall or may have against the other, for, upon, or by reason of any matter, cause or thing pertaining to or in any manner relating to the telephone solicitations made by or on behalf of Direct Energy (up until the date of this agreement) including but not limited to any and all claims arising from or in any manner relating to claims and demands made by or on behalf of Worsham in the Lawsuit or otherwise.

5. It is expressly agreed and acknowledged that, except as otherwise expressly provided in this Agreement, the releases set forth hereinabove are full and final

releases by Worsham of all the claims described herein whether known or unknown, suspected or unsuspected.

6. This Agreement of Settlement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person herein named or described. It is further agreed that the terms of this Agreement of Settlement are contractual and not mere recitals. This Agreement of Settlement constitutes the entire agreement between the parties, and it supersedes all prior oral or written agreements concerning the settlements of claims between or among them.

7. The laws of the State of Maryland shall govern the validity and the construction of this Agreement of Settlement. If any term or provision of this Agreement of Settlement shall be declared or found to be invalid, then each such provision shall be deemed severed from this Agreement of Settlement, and the invalidity or unenforceability of such terms or provisions shall not affect the enforceability of the remaining provisions.

8. This Agreement of Settlement may be executed in several counterparts, each of which, when so executed and delivered, will be deemed an original; but such counterparts together shall constitute but one and the same instrument.

9. The signatories to this Agreement warrant that they have full authority to sign on behalf of the parties to the Lawsuit.

IN WITNESS WHEREOF, Michael C. Worsham and Direct Energy Services, LLC, have executed this Agreement of Settlement, to become effective the day and year first above written.

WITNESS/ATTEST:

_BRANCH WORSHAM_

_Michael C. Worsham_

Michael C. Worsham

WITNESS/ATTEST:

_Karie Schepis_

DIRECT ENERGY SERVICES, LLC

By: _____

2