# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL C. WORSHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 1:20-cv-00193-SAG |
| v. | § | |
| | § | |
| DIRECT ENERGY SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DIRECT ENERGY SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO FILE DISK WITH CALL RECORDINGS WITH THE COURT

Defendant Direct Energy Services, LLC files this Response in Opposition to Plaintiff Michael C. Worsham's Motion for Leave to File Motion for Partial Summary Judgment and Motion to File Disk with Call Recordings with the Court ("Motion"). (Dkt. 86). For the reasons set forth below, the Court should deny Worsham's Motion in its entirety.

## ARGUMENT

Worsham's Motion is untimely. This Court set a firm deadline for dispositive motions when it granted Worsham's Motion for Extension of Time to Complete Discovery and Reset Deadlines. (Dkt. 32 and 44). Summary judgment motions were set to be filed on or before October 30, 2020. (*Id.*). Worsham proposed that date himself. (Dkt. 32). Yet, Worsham now asks the Court, over two months later, for leave to file a partial summary judgment months after the deadline. (Dkt. 86). Worsham makes that request after again attempting to frivolously extend discovery, (Dkt. 62), which was denied. (Dkt. 73). Nevertheless, Worsham continued his vexatious campaign by filing objections (or effectively a motion for modification or reconsideration) to Magistrate Judge Copperthite's denial, (Dkt. 77), which this Court again

denied. (Dkt. 84). Worsham should not be allowed to flippantly drag this case out in direct contradiction to this Court's orders.

Worsham has not shown good cause for filing his Motion. And there is no good cause for this Motion in itself because the substance is largely addressed in previous briefings. Specifically, his Amended Complaint, (Dkt. 13-1 at pp. 2-8, 11-16; *see generally id.*) and his Response in Opposition to Direct Energy's Motion for Summary Judgment ("Opposition"). (Dkt. 81 at pp. 4-9; *see generally id.*). It is completely unnecessary to continue briefing the issue presented in Worsham's Motion. Direct Energy filed its Motion for Summary Judgment (Dkt. 67); Worsham filed his Opposition with extended time (Dkt. 81); and Direct Energy then filed its Reply in Support of Motion for Summary Judgment. (Dkt. 83). Worsham should not be given an opportunity to file a partial summary judgment motion after the fact. That is, a partial summary judgment motion that will likely be more of a sur-reply, which Worsham already attempted and the Court noted said attempt was filed in error. (Dkt. 87).

Worsham's additional request to file a disk with the Court is also untimely. Worsham had the opportunity to do just that when he filed his Opposition. Worsham chose not to. The recordings are superfluous. The five calls that merely mention Direct Energy were addressed numerous times in both parties' briefings. (*see e.g.*, Dkt. 13-1, 67, 81, and 83). And Worsham admits himself that simply mentioning a seller is not enough to establish liability.[1] Therefore, there is no good cause for Worsham's Motion. Worsham's Motion should be denied.

---

[1] (*See* Dkt. 62, pp. 4-5) ("Early in this case Worsham produced audio recordings to defense counsel of 5 calls in which Direct Energy was named . . . Direct Energy has cited *Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243 (4th Cir. 2018) for the proposition that a call that mentions a seller's product does not automatically create vicarious liability for a seller who did not place the calls . . . *the proposition is actually correct . . .*") (emphasis added); *see also In re: Monitronics Int'l, Inc. Tel. Consumer Prot. Act Litig.*, 223 F. Supp. 3d 514, 527 (N.D. W. Va. 2016); *Hodgin v. UTC Fire & Sec. Am. Corp., Inc.*, 885 F.3d 243 (4th Cir. 2018).

Dated: January 5, 2020

Respectfully submitted,

McDOWELL HETHERINGTON LLP

*/s/ William B. Thomas*
Michael D. Matthews, Jr.*
Texas Bar No. 24051009
William B. Thomas**
Texas Bar No. 24083965
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
william.thomas@mhllp.com

*Pro hac vice application forthcoming*
**Admitted pro hac vice*

-and-

KIERNAN TREBACH, LLP

*/s/ Ifeanyi O. Ezeigbo*
Ifeanyi O. Ezeigbo (Bar No. 20658)
One Park Place, Suite 425
Annapolis, Maryland 21401
Telephone: (443) 263-2800
Facsimile: (443) 263-2935
iezeigbo@kiernantrebach.com

**Counsel for Direct Energy Services, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 5th day of January, 2021, via the Court's ECF system on the following:

Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050
michael@magicmichael.net
*Pro Se Plaintiff*

3

*/s/ William B. Thomas*
William B. Thomas