**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF                                                                    101 WEST LOMBARD STREET
STEPHANIE A. GALLAGHER                                               BALTIMORE, MARYLAND 21201
UNITED STATES DISTRICT JUDGE                                                (410) 962-7780

May 12, 2021

LETTER TO COUNSEL and PLAINTIFF:

    RE:    *Worsham v. Direct Energy Services, LLC*
          Civil No. 1:20-cv-00193-SAG

Dear Counsel and Mr. Worsham:

      Plaintiff filed a Motion to Alter or Amend Judgment under Rules 59(e) and 60(b), ECF 106, seeking relief from the Court's order granting summary judgment for Defendant, ECF 104. Rule 59(e) allows for alteration or amendment to a court's ruling in three situations: (1) to accommodate an intervening change of law; (2) to account for new evidence, or (3) to correct a clear error of law or prevent manifest injustice. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Rule 60(b)(1), meanwhile, allows for relief from judgment in the instance of mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(6) is a catch-all provision providing relief in "extraordinary circumstances."[1] *Al-Sabah v. Agbodjogbe*, No. CV SAG-17-730, 2020 WL 7351603, at *3 (D. Md. Dec. 14, 2020).

      Plaintiff claims the Court erred in several ways, relying almost exclusively on arguments he previously raised, and which the Court already considered during the initial summary judgment briefing. First, he asserts that the Court overlooked critical evidence linking the telemarketing calls to Direct Energy and inappropriately failed to apply the relevant summary judgment standard in evaluating this evidence. ECF 106 at 2-5. The Court already addressed, at length, the scarce evidence linking Defendant to the calls in question. ECF 104 at 6, 8-13. While Plaintiff accurately notes that he needed only establish a genuine dispute of material fact as to whether the calls were attributable to Direct Energy, he failed to do so under three different theories. The Court rejected as a matter of law his non-delegation theory, which will be addressed further below. It also concluded that his ratification theory failed because Plaintiff proffered no evidence of who made the calls, thus making it impossible to determine that Defendant knew or should have known the calls were being made in the first place. Lastly, the Court concluded that Plaintiff's agency theory failed because he proffered no evidence that Defendant had any sort of relationship with the callers. While Plaintiff repeatedly emphasizes, here and previously, the fact that a handful of the callers mentioned Direct Energy, the Court determined as a matter of law that a caller holding itself out

---

[1] Plaintiff nominally claims that Defendant's conduct gives rise to grounds for relief under Rule 60(b)(3), but provides no factual or analytical support for this assertion. He does not attempt to explain how the vague misconduct he references prevented him from fully presenting his case, thus this claim fails. *Al-Sabah*, 2020 WL 7351603, at *3.

*Worsham v. Direct Energy Services, LLC*
Civil No. 1:20-cv-00193-SAG
May 12, 2021
Page 2

as Direct Energy's representative on its own is insufficient for agency liability to attach.[2]  *Id.* at 13 (citing *In re: Monitronics International, Inc.*, 223 F. Supp. 3d 514, 527-28 (N.D. W.Va. 2016)).

In his Reply, Plaintiff details a recent Fourth Circuit TCPA decision, *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. 2019), which he suggests supports finding a question of fact as to the relationship between Direct Energy and the telemarketers who called him.  *Krakauer* is a useful comparison because it highlights the fundamental information that is missing from the record here.  Most critically, unlike in *Krakauer*, Plaintiff cannot identify the third-party telemarketers who made the calls in question.  It is undoubtedly true that, as *Krakauer* stated, parties cannot simply avoid the legal obligations of agency by contracting out of them, but for a reasonable trier of fact to reach that portion of the agency analysis, there must be a relationship between the parties in the first place.  Having failed to identify the callers in question, relying only on the insufficient references to Direct Energy made by the callers themselves, Plaintiff's record contains no evidence upon which a reasonable trier of fact could conclude that the calls in question were the product of an agency relationship with Defendant.

The Court has, similarly, already addressed Plaintiff's non-delegation claims he re-raises here, grounding its conclusion in the absence of precedent applying non-delegation in the TCPA context and, by contrast, the large amount of cases finding various other forms of vicarious liability for TCPA violations—vicarious liability analyses that would logically be irrelevant if the TCPA duties were non-delegable in the first place. ECF 104 at 10.  While Plaintiff takes issue with the Court's interpretation of the law, he again provides no case law, let alone binding precedent, supporting his view of TCPA non-delegation,[3] instead relying on the Supreme Court's policy

---

[2] Plaintiff discusses at length Defendant's alleged failure to provide its own facts and affidavits directly countering the evidence he put forth, suggesting that this forecloses the Court from granting summary judgment for Direct Energy, ECF 106 at 3-5.  His position misunderstands the summary judgment inquiry.  There is no requirement that a movant provide its own affidavits or otherwise affirmatively provide its own proof directly rebutting the opposing party's evidence— in fact, that sort of contrary evidence would often serve merely to establish a factual dispute rather than to resolve the summary judgment motion.  Instead, where the non-movant will bear the burden of proof at trial on a dispositive issue, a movant may—as Defendant did here—simply establish that the record is insufficient for a reasonable trier of fact to find for the non-movant.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Put differently, Defendant has shown the *insufficiency* of Plaintiff's evidence and need not provide its own affirmative evidence in doing so.

[3] Plaintiff does supply one case he asserts used non-delegation (or at least did not require an agency relationship) in the TCPA context, but it is inapposite.  In *State of Maryland v. Universal Elections*, 787 F. Supp. 2d 408 (D. Md. 2011), the Court concluded that the degree of third-party involvement in a telemarketing scheme was irrelevant, but did so at the motion to dismiss stage where plaintiff's allegations that defendant made the calls at issue were necessarily taken as true.  Plaintiff also points to *Krakauer*, ECF 108 at 5-6, but that case used a vicarious liability analysis.  As noted in the Court's original decision, there would be little reason for the *Krakauer* court to resort to a vicarious liability analysis if it were possible to hold the defendant directly liable for third-party

*Worsham v. Direct Energy Services, LLC*
Civil No. 1:20-cv-00193-SAG
May 12, 2021
Page 3

justifications for the non-delegation doctrine, suggesting that they are equally applicable in the TCPA context.  ECF 106 at 5-7.  This abstract, inferential justification for TCPA non-delegation is a far cry from the sort of unavoidable precedent Plaintiff claims it to be—the Court is not "ignoring a Supreme Court ruling" when that ruling is in a case far afield.  At best, then, he has shown that the question of non-delegation in the TCPA context is an unsettled area of the law with minimal authority directly on point.  That is not enough for Plaintiff's motion to succeed under a "clear error of law" standard.

The remainder of Plaintiff's assertions also lack merit.  He argues at length that he was hamstrung by preceding discovery decisions, ECF 106 at 11-14, but the Court addressed his discovery concerns in its summary judgment opinion, ECF 104 at 5.  To the extent he seeks to overturn specific discovery decisions made by the Court prior to summary judgment, such belated challenges are not appropriately sought via this reconsideration motion.  Similarly, Plaintiff's talismanic reliance on the TCPA's remedial nature cannot justify the sort of departure from the statute's plain language that he seeks.  As the Court previously explained, the mere fact that a statute should be construed liberally does not mean the Court can ignore the statutory scheme to create private rights of action out of procedural standards.  ECF 104 at 6 (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)).  Such liberal construction is, similarly, no justification for the creation of an entirely new, extraordinarily broad non-delegation liability scheme out of thin air—one which would cut against well-established precedent assessing vicarious liability in the TCPA context.

Thus, for all of the reasons set forth above, Plaintiff's reiterated arguments remain unpersuasive and he is not entitled to relief under either Rules 59 or 60.  Plaintiff's Motion, ECF 106, is DENIED.  Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

telemarketers' calls under a non-delegation theory.  While the *Krakauer* court left open the possibility that something else other than agency liability could satisfy the TCPA's statutory language, nothing in the opinion suggests that it was contemplating non-delegation in doing so.